## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:18-cr-88-CEH-TGW

KEENAN SERAPHIN

### ORDER

This matter comes before the Court on Defendant Keenan Seraphin's Petition to Modify Term of Imprisonment Pursuant to the First Step Act of 2018 (Doc. 64), Compassionate Release Motion (Doc. 72), and Motion of Ameliorations (Doc. 76). In the motions, Seraphin seeks to reduce his term of incarceration under section 404 of the First Step Act, and also requests compassionate release into home detention based on the COVID-19 pandemic and his medical condition. *Id.*

The Federal Public Defender was appointed on Seraphin's behalf with respect to his motion brought under section 404 of the First Step Act (Docs. 65, 71). The United States Probation Office filed a memorandum addressing the retroactive application of the Fair Sentencing Act of 2010 to Seraphin's sentence (Doc. 70). The Government filed responses in opposition to Seraphin's motions for compassionate release (Docs. 74, 77).

Having considered the motions and being fully advised in their premises, the Court will deny Seraphin's motions to reduce his sentence.

I.  BACKGROUND

Seraphin was sentenced on October 3, 2018, to a total of 200 months' imprisonment upon his guilty plea to offenses committed on December 7, 2017. Doc. 56. at 2.  He received concurrent sentences of 120 months and 140 months for possession of a firearm and ammunition by a convicted felony and possession with intent to distribute a mixture and substance containing heroin. *Id.* at 1-2.  He also received a consecutive sentence of 60 months on his plea to possession of a firearm in furtherance of a drug trafficking offense. *Id.*   Now 33 years old, Seraphin is incarcerated at FCC Coleman.

In his first motion, Seraphin seeks relief under section 404 of the First Step Act of 2018, which gave retroactive effect to the Fair Sentencing Act of 2010. Doc. 64 at 1.  He asserts that he is eligible for a reduced sentence under section 404 because his federal sentence was enhanced under the guidelines' career offender provision. *Id.* at 2-3.

The Federal Defender was appointed on Seraphin's behalf in accordance with the Omnibus Order in *In Re: Section 404 of the First Step Act*, issued by then-Chief Judge Merryday in case number 8:19-mc-10-T-23. *See* Docs. 65, 71.  The U.S. Office of Probation submitted a memorandum finding that Seraphin is ineligible for resentencing under section 404, because his offense of conviction occurred after the passage of the Fair Sentencing Act of 2010 and is not a "covered offense" under the statute. Doc. 70 at 1-2.  The Federal Defender, having reviewed the memorandum of the U.S. Office of Probation and conducted its own review of Seraphin's eligibility,

2

confirmed that Seraphin is not eligible for resentencing under section 404 of the First Step Act of 2018. Doc. 75 at 2.

In his second and third motions, Seraphin requests compassionate release to home confinement due to the COVID-19 pandemic. Docs. 72, 76. He explains that he is at particular risk of harmful health issues from contracting COVID-19 because he suffers from colitis, which he asserts is an incurable and progressive illness that causes him to be immunosuppressed. Doc. 72 at 1-2. Seraphin attached medical records as well as documentation that his request for compassionate release to the former warden of FCC Coleman was denied on July 20, 2020. *Id.* at 6; Doc. 72-1. Seraphin subsequently filed a renewed motion in which he argues that COVID-19 outbreaks at FCC Coleman and across the state of Florida endanger his life. *Id.* at 1-2. He asserts that these outbreaks constitute an extraordinary and compelling reason for compassionate release under the "other reasons" provision of U.S.S.G. § 1B1.13 cmt. n.1. *Id.* Seraphin requests that the Court place him on supervised release or allow him to serve the remainder of his incarceratory term on home confinement. *Id.* at 2-3; Doc. 72.

The Government responded in opposition to Seraphin's motions for compassionate release. Docs. 74, 77. The Government first argues that the Court has no authority to grant Seraphine's request to be placed on home confinement, a decision that is solely in the Bureau of Prison's discretion. Doc. 74 at 9-11. Next, it contends that Seraphin has failed to exhaust his administrative remedies because he did not appeal the warden's denial of his request for compassionate release. *Id.* at 17.

3

In any event, the Government argues Seraphin has not established an extraordinary or compelling reason for a reduction in his sentence. *Id.* at 18. The existence of the COVID-19 pandemic alone does not justify a sentence reduction, and Seraphin's medical condition is in remission and is managed successfully on an outpatient basis. *Id.* at 19-22. Even if he could establish an extraordinary and compelling reason, the Government asserts that the nature of Seraphin's offense and his criminal history weigh against granting compassionate release. *Id.* at 23-25. The Government's opposition to Seraphin's renewed motion incorporates its arguments from its first opposition. Doc. 77 at 1.

## II.  LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Some of these limited circumstances are delineated in the First Step Act of 2018.

Section 404 of the First Step Act of 2018 made retroactive some portions of the Fair Sentencing Act of 2010. The Fair Sentencing Act was enacted to "restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub. L No. 111-120, 124 Stat. 2372 (2010). In relevant part, Section 2 of the Fair Sentencing Act revised the minimum amount of crack cocaine that triggers an increase in the penalty range as prescribed in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)—changing 50 grams to 280 and 5 grams to 28. *Id.* §§ (b)(1)(A)(iii), (b)(1)(B)(iii). Section 404 of the First Step Act of

2018 provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" is defined in the First Step Act as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Relief under the First Step Act is within the court's discretion. Section 404 specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

Section 603 of the First Step Act of 2018 added a provision to 18 U.S.C. § 3582(c)(1)(A) that allows prisoners to directly petition a district court for compassionate release. That provision states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> > (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier,* may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

5

> > (i) extraordinary and compelling reasons warrant such a reduction; or
>
> > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
>
> (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure. . . .

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act). Courts are to consider the factors listed in 18 § 3553(a), as applicable, as part of the analysis.[1] *See* § 3582(c)(1)(A).

---

[1] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

### III. DISCUSSION

#### A. Motion For Resentencing Under Section 404 of the First Step Act

First, the Court finds that Seraphin is not eligible for the relief he requests in his first motion for resentencing. As the Department of Probation and the Federal Defender each concluded, he is not eligible for resentencing under section 404 of the First Step Act of 2018 because, *inter alia*, his offense was committed after the enactment of the Fair Sentencing Act of 2010. Docs. 70, 75. He was therefore already sentenced according to its provisions and cannot be entitled to its retroactive application. Seraphin's Motion to Modify Term of Imprisonment Pursuant to the First Step Act of 2018 must be denied.

#### B. Motions for Compassionate Release

As a threshold matter, the Court finds that, contrary to the Government's arguments, Seraphin has exhausted his administrative remedies as required for a motion for compassionate release. Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the BOP prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). Here, Seraphin filed an administrative request to the warden

7

of his facility on July 1, 2020. Doc. 72 at 4.  His request was denied on July 20, 2020, and he filed his first motion for compassionate release on October 9, 2020. *Id.* at 6. Because more than 30 days lapsed between Seraphin's request to the warden and the filing of his motion, he was not required to appeal the warden's order in order to satisfy the exhaustion requirements of § 3582(c)(1)(A). *Cf.* Doc. 74 at 17.

However, the Court agrees with the Government that it cannot grant the relief Seraphin requests.  First, the Court is not empowered to direct Mr. Seraphin's release into home confinement.  In general, once a court imposes a sentence, the Bureau of Prisons ("BOP") is solely responsible for determining an inmate's place of incarceration to serve that sentence. *See Tapia v. United States*, 564 U.S. 319, 331 (2011) ("A sentencing court can recommend that the BOP place an offender in a particular facility or program…[b]ut decision making authority rests with the BOP."); 18 U.S.C. §3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment[.]"); *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) (plurality opinion) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *United States v. Groover*, 844 F. App'x 185, 188 (11th Cir. 2021) (holding that neither § 3624(c)(2) nor the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") give the judiciary any authority to grant an inmate's request for home confinement).  Seraphin provides no legal authority to support the Court's ability to order home confinement.  Thus, this requested relief is due to be denied.

To the extent Seraphin instead requests a reduction in his sentence that would permit his immediate release, the Court will address the merits of his motions for compassionate release. Under *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013), a defendant must establish that a sentence reduction is warranted. Specifically, under 18 U.S.C. § 3582(c)(1)(A) as amended by the First Step Act, a defendant must show (1) that he is 70 years old and has served at least 30 years of incarceration and meets other enumerated criteria; or (2) that he has an extraordinary and compelling reason for compassionate release. The Eleventh Circuit has held that "extraordinary and compelling reasons" that permit the grant of compassionate release are exclusively defined by the policy statement of the United States Sentencing Commission contained in U.S.S.G. § 1B1.13, cmt. n.1. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Such reasons are: the defendant's medical condition, his age, his family circumstances, or another reason that is determined by the Director of the Bureau of Prisons. U.S.S.G. § 1B1.13, cmt. n.1.

Here, Seraphin is 33 years old and did not become incarcerated until 2018. Thus, he does not qualify for compassionate release under the first provision of 18 U.S.C. § 3582(c)(1)(A) and must demonstrate an extraordinary and compelling reason to satisfy § 3582(c)(1)(A). Seraphin argues that the extraordinary and compelling circumstances that warrant his release are his medical condition and the COVID-19 pandemic.

An incarcerated individual's medical condition may provide an extraordinary and compelling reason to support a reduction in sentence when he is: (1) suffering from

a terminal illness, i.e., a serious and advanced illness with an end of life trajectory; or (2) suffering from a serious physical or medical condition that substantially diminishes his ability to care for himself within the prison environment and from which he is not expected to recover. U.S.S.G. § 1B1.13, cmt. n. 1(A).

Stable, controlled medical conditions do not meet the requirements of U.S.S.G. § 1B1.13 as an extraordinary and compelling reason for a prisoner's compassionate release. *See United States v. Wedgeworth*, 837 F. App'x 738, 739–40 (11th Cir. 2020) (affirming lower court's finding of no extraordinary and compelling reason for a defendant suffering from obesity and chronic hypertension because those conditions were not terminal and did not substantially limit the prisoner's ability for self-care); *see also United States v. Giron*, 15 F.4th 1343, 1346-47 (11th Cir. 2021) (finding defendant failed to show his "high cholesterol, high blood pressure, and coronary artery disease" substantially diminished his ability to provide self-care as required by § 1B1.13, where his conditions were found to be "manageable in prison, despite the existence of the COVID-19 pandemic").

Seraphin explains that he suffers from colitis, a condition he describes as incurable and progressive, and says the medications he takes for this condition cause him to be immunocompromised. Doc. 72 at 1-2. Seraphin's medical records confirm that he has been diagnosed with colitis but describe it as being "in remission." *See* Doc. 72-1 at 36. A document dated November 28, 2018, states that he has no medical limitations with respect to housing, work, or physical activity. *Id.* at 40. Moreover, the Government submitted additional records that describe Seraphin's condition as

10

"stable," and able to be managed through outpatient treatment monthly or every six months. Doc. 74-5; 74-6 at 4. The Government further notes that Seraphin registered no complaints or clinical visits related to his colitis in the two years preceding its response to his motion. Doc. 74 at 21. Having reviewed the records, the Court finds that Seraphin has not demonstrated that his condition is terminal or that it substantially diminishes his ability to care for himself within the prison environment. It therefore does not constitute an extraordinary and compelling reason supporting compassionate release under U.S.S.G. § 1B1.13, cmt. n. 1(A).

Seraphin also argues that the COVID-19 pandemic and its outbreak at his prison facility establishes "other reasons" supporting release. Doc. 76 at 1-3. The fourth type of extraordinary and compelling reason, which has been described as a catch-all provision, provides that, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13, cmt. n. 1(D). However, the Eleventh Circuit has held that this provision must be interpreted literally, and therefore the reason requires approval from the Director of the Bureau of Prisons before it can be considered extraordinary and compelling. *United States v. Bryant*, 996 F.3d 1243 (11th Cir. 2021); *Giron*, 15 F.4th at 1350 ("district courts are bound by U.S.S.G. § 1B1.13 when granting compassionate release and that only the Bureau of Prisons can expand the extraordinary and compelling reasons under the catch-all provision"). Seraphin has

11

not established that the Bureau of Prisons has expanded the reasons to include the COVID-19 pandemic. Therefore, he is not entitled to compassionate release.[2]

Accordingly, it is **ORDERED**:

1. Defendant Keenan Seraphin's Motion to Modify Term of Imprisonment Pursuant to the First Step Act of 2018 (Doc. 64) is **DENIED**.

2. Seraphin's Compassionate Release Motion (Doc. 72) is **DENIED**.

3. Seraphin's Motion of Ameliorations (Doc. 76) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on November 14, 2022.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] Because the Court has determined that Seraphin is not eligible for compassionate release based upon its finding that no extraordinary or compelling reason exists, it need not analyze the factors listed in 18 U.S.C. § 3553(a). *See* Doc. 74 at 23-25.